[Civ. No. 20720. First Dist., Div. Two. Apr. 12, 1963.]

MARGARET SHEELEY, Plaintiff and Respondent, v. CITY OF SANTA CLARA, Defendant and Appellant.

84

Ruffo & Chadwick, Robert S. Chadwick and Marcel B. Poché for Defendant and Appellant.

Johnson, Thorne, Speed & Bamford, Thorne, Stanton, Clopton, Herz & Stanek, John E. Thorne and Herbert S. Stanek for Plaintiff and Respondent.

KAUFMAN, P. J.—The City of Santa Clara appeals from that portion of a judgment entered in favor of the respondent in a personal injury action holding that the respondent's claim was legally sufficient pursuant to section 53052 of the Government Code. The contentions on appeal are that the trial court erred in ruling that the respondent's claim was properly verified and that the city was estopped from denying the validity of the claim.

The facts are not in dispute. Respondent was injured by a fall in the city's parking lot on February 2, 1958. She filed her duly notarized notice of claim on March 7, 1958, and her complaint on September 16, 1958. On October 3, 1958, the city demurred and moved to strike the complaint on the ground of failure to state a cause of action and to allege timely filing of a verified claim.

By stipulation, the issue of the sufficiency of the claim was tried first, without a jury, pursuant to section 597 of the Code of Civil Procedure. The evidence adduced at this time indicated that on March 4, 1958, before the filing of her claim, the respondent visited the office of her attorney who presented her with the claim which he had drafted. After the respondent had read the claim, the attorney asked her to raise her hand and swear the matters stated therein were true and

to sign it. Her attorney, in his capacity as a notary, then signed the acknowledgment form, mistakenly believing it to be a verification form. The letter of transmittal sent with the notice of claim stated: "Enclosed please find the verified claim of Mrs. Margaret Sheeley." In April 1958, the respondent's attorney was contacted by telephone by Mr. Orr, a representative of the city's insurer. After the filing of the complaint on September 16, 1958, Mr. Orr called the respondent's attorney and expressed surprise that a complaint had been filed because a verified claim had not been filed.

After the trial court ruled that the notice of claim had been properly verified and the city notified thereof, trial by jury was had on the issues of liability and damages resulting in a judgment by stipulation for $30,000. The parties further stipulated that the trial court's memorandum decision would constitute the findings of fact and conclusions of law, and that the city reserved the right to appeal the sufficiency of the notice of claim.

At the time respondent filed her claim in this case [March 1958], section 53052 of the Government Code provided: "When it is claimed that a person has been injured or property damaged as a result of the dangerous or defective condition of public property, a verified written claim for damages shall be filed with the clerk or secretary of the legislative body of the local agency within ninety days after the accident occurred." The statute provides that the claim be verified but does not prescribe any particular form (*Osborn v. City of Whittier,* 103 Cal.App.2d 609 [230 P.2d 132]). ▓ A verification is an affidavit of the truth of the matter stated (Code Civ. Proc., §§ 446, 2009; *McCaffey Canning Co., Inc.* v. *Bank of America,* 109 Cal.App. 415, 420 [294 P. 45]). Its object is to assure good faith in the averments or statements of a party. ▓ The chief test of the sufficiency of a verification is whether it is so clear and certain that an indictment for perjury may be sustained on it if false (*Davis-Heller-Pearce Co.* v. *Ramont,* 66 Cal.App. 778, 781 [226 P. 972]). ▓ In the interpretation of the statute, even before the 1959 amendments, it was well established that the original requirement of strict compliance with the statute has given way to a rule requiring only substantial compliance (*Hoffman* v. *City of Palm Springs,* 169 Cal.App.2d 645 [337 P.2d 521]).

The reason for the liberal rule as we indicated in *Johnson* v. *City of Oakland,* 188 Cal.App.2d 181 [10 Cal.Rptr. 409], is

that the plain purpose of the public liability claim statutes is to require notice of the circumstances of an injury upon which a claim for damages is made, so that municipal authorities may be in a position to investigate the facts as to the time and place, as well as the condition of the premises and decide whether the case is one for settlement or litigation.

The various authorities cited by the appellant are not in point here, as in the instant case, the uncontroverted evidence established that an oath had in fact been taken and the city rule of liberal construction, our Supreme Court in *Peters* v. had been notified of the fact of verification. Following the *City & County of San Francisco,* 41 Cal.2d 419, 426 [260 P.2d 55], held that the claim had been properly verified although the plaintiff did not appear before a notary to sign the verification.

In the instant case, the respondent properly appeared before a notary and took the oath. The notary mistakenly believed that the document he signed was a verification, as evidenced by his letter of transmittal. As all of the evidence indicated a reasonable attempt to comply with the law in good faith, we can only conclude that there has been substantial compliance with the statutory requirement of verification.

In view of the above conclusion, it is not necessary to discuss in detail the city's contentions relating to estoppel. We note, however, that the existence of an estoppel is a question of fact (*Cruise* v. *City & County of San Francisco,* 101 Cal.App.2d 558 [225 P.2d 988]). Furthermore, the findings of the court, accepted by the city's stipulation, must be upheld on appeal as they are supported by substantial evidence (*Ducharme* v. *Ducharme,* 152 Cal.App.2d 189, 193 [313 P.2d 33]; *DeYoung* v. *DeYoung,* 27 Cal.2d 521, 526 [165 P.2d 457]).

Judgment affirmed.

Shoemaker, J., and Agee, J., concurred.

A petition for a rehearing was denied May 1, 1963, and appellant's petition for a hearing by the Supreme Court was denied June 4, 1963.