[Crim. No. 12028.  Second Dist., Div. Two.  Jan. 26, 1967.]

THE PEOPLE, Plaintiff and Appellant, v. YVONNE SMITH, Defendant and Respondent.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood, Robert J. Lord and Keith Glazer, Deputy District Attorneys, for Plaintiff and Appellant.

Erling J. Hovden, Public Defender, Harkjoon Paik and James L. McCormick, Deputy Public Defenders, for Defendant and Respondent.

ROTH, P. J.—On October 8, 1965, respondent Yvonne Smith was charged with three counts of felony perjury in violation of sections 118 of the Penal Code and section 1550 of the Welfare and Institutions Code (now §§ 11050 and 11054 of the Welf. & Inst. Code).

On January 19, 1966, she demurred to the information on the ground that she cannot be prosecuted via section 1150 of Welfare and Institutions Code cited in the information, under the general perjury statute of the Penal Code, since section 1563 of the Welfare and Institutions Code (now § 11265) applies specifically to the crimes charged and makes the same misdemeanors and not felonies.

On January 28, 1966, the trial court sustained the demurrer. The People refused to amend. Judgment dismissing the information was entered February 24, 1966.

Prior to the time of the alleged perjury, Mrs. Smith was receiving aid from Los Angeles County for the support of her two children. On April 1, 1963, October 17, 1963, and April 23, 1964, Mrs. Smith signed, under oath, as required by section 11265 of the Welfare and Institutions Code, "Statements of Facts Relating to Eligibility for Aid to Needy Children," bi-yearly redeterminations of eligibility required by

the county. Included on each form was the statement that there were ''no unrelated adults living with the family.'' The People contend that during this period, one Morris R. Johnson was in fact living with Mrs. Smith and her children, and that she therefore committed perjury in signing the redetermination statements.

The sole question on appeal is whether Mrs. Smith could be prosecuted for felony perjury under section 118 of the Penal Code and section 1550 of the Welfare and Institutions Code, now sections 11050 and 11054 of the Welfare and Institutions Code, or as respondent contends, only for violation of section 1563 of the Welfare and Institutions Code, now section 11265 of that code.

Section 11265 of the Welfare and Institutions Code deals specifically with annual redeterminations of eligibility for aid to needy children, and concludes: ''Any person signing such certificate who willfully states therein any material matter which he knows to be false is guilty of a misdemeanor.''

Section 1550 of the Welfare and Institutions Code, repealed effective May 21, 1963, operative January 1, 1964, reenacted in 1965 as sections 11050 and 11054 without substantial change, but omitting provision for an oath, dealt generally with all applications for aid in behalf of a needy child, initial and redetermination. The section stated in part: ''Every application for aid in behalf of any child shall be verified under oath, or shall contain a written declaration that it is made under the penalties of perjury. A county may require supplementary written statements in connection with an application for aid or the continuation of aid to be verified or signed under a like declaration. Any person signing any application or statement containing such declaration who willfully and *knowingly*, with intent to deceive, states therein as true any material matter which he knows to be false is subject to the penalties prescribed for perjury in the Penal Code of this State.'' (Italics added.)

■ Section 118 of the Penal Code is the general perjury statute, a restatement of the commonlaw offense (*People* v. *Dunstan*, 59 Cal.App. 574, 576 [211 P. 813]), making it a felony willfully to state *under oath* as true matters known to the declarer to be false.

■ When the facts of an offense defined in a general statute parallel the acts proscribed by a specific statute, there cannot be a prosecution for violation of the general statute. (*People* v. *Swann*, 213 Cal.App.2d 447, 449 [28 Cal.Rptr.

830].) In *In re Williamson*, 43 Cal.2d 651, 654 [276 P.2d 593], the court held that where the general statute would include the same matter as the special act, and thus conflict with it, the special act will be regarded as an exception or qualification of the general one, whether passed prior or subsequent to the general statute. (See also *In re Joiner*, 180 Cal.App.2d 250, 253 [4 Cal.Rptr. 667] ; *People v. Wood*, 161 Cal.App.2d 24, 29 [325 P.2d 1014].)

In *People v. Silk*, 138 Cal.App.2d Supp. 899 [291 P.2d 1013], the defendant, in applying for aid under the Old Age Pension Act, failed to disclose he was receiving social security payments from the United States government. He was charged with violation of section 484 of the Penal Code (theft) instead of the penalty provision of the Pension Act (§ 2007 of the Welf. & Inst. Code). The court held the prosecution under section 484 improper, stating at pages 901, 902: ''The conflict between the general and specific law which is controlling here also appears from the fact that proof of such violation would meet the issues of the complaint drawn under section 484 of the Penal Code, excepting only for the rule that the specific statute controls over the general. Since the material proof was exclusively a specific violation of section 2007, that section controls to the exclusion of Penal Code, section 484.''

It is argued that Penal Code section 118 deals with false statements made *under oath* and section 11265 makes no mention of an oath and that since Mrs. Smith signed the statements here in question under oath, her conduct is within Penal Code section 118, the general statute on the subject of perjury.

The problem is, then, whether the factual context of the false statement or the presence or absence of an oath is determinative of the ''specific statutory exception to the general statute'' referred to in *In re Williamson, supra,* and the cases following it.

The 1961 Report of the Senate Fact Finding Committee on Labor and Welfare, Aid to Needy Children Program, at p. 11, states:

''1. *Fraud*

    a. *False Information*

    (1) That the giving of false information in connection with an application for or continuation of aid under the Aid to Needy Children program be made a *misdemeanor* in con-

formity with other aid categories. (Other sections containing similar requirements are as follows:

Sec. 2007 of the Old Age Security Law; Sec. 3006 of the Aid to Needy Blind Law; Sec. 4005 *et seq.* of the Aid to Needy Disabled Law—W & I Code.) . . .

(2) That supplementary written statements in connection with an application for or redetermination of need for aid under the ANC program be signed under penalty of perjury.'' (Italics added.)

The thrust of item (1) is that the giving of false information on an application for continuance of aid be a misdemeanor as is the case in other aid categories. Item (2) of the report indicates an intention to penalize, as perjury, false statements made at any stage of the application or redetermination proceedings, but does not change the recommendation that such perjuries be treated as misdemeanors.

To hold that the presence or absence of an oath controls, rather than the factual context which is required by the section in question, would, under the facts of this case, ignore the express intention of the Legislature. If the Legislature intended Penal Code, section 118 to control, there would be an oath required and no need for any specific penalty provisions as provided by section 11265.

■ We conclude that the violations charged to respondent come within the prohibitions of section 11265 of the Welfare and Institutions Code, dealing specifically with false statements on redetermination certificates.

It is unnecessary to consider the effect of the repeal of former section 1550 in its applicability to the dates of the alleged violations and the date of prosecution.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

A petition for a rehearing was denied February 23, 1967, and appellant's petition for a hearing by the Supreme Court was denied March 22, 1967.