[Crim. No. 15233. Second Dist., Div. Four. Mar. 26, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. STEVE JOHN BURKETT, Defendant and Appellant.

Richard S. Buckley, Public Defender, John J. Gibbons and James L. McCormick, Deputy Public Defenders, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with forgery, in violation of section 470 of the Penal Code.[1] Trial by jury was duly waived; he was found guilty as charged; a motion for a new trial was made and denied; probation was denied and he was sentenced to state prison. He has appealed from the judgment and from the order denying a new trial. We affirm the judgment and dismiss the appeal from the nonappealable order.[2]

At about 3 p.m., on September 24, 1967, the owner of a coin operating laundry cleared a coin changing machine[3] of the paper dollars therein. When the clearing operation was repeated, at about 8:30 a.m., on September 25, 1967, the machine was found to contain a number of pieces of paper, on one side of which was imprinted (by photocopy) the facsimile of a dollar bill. At about 1:45 a.m., that morning, a police officer had observed defendant, together with Tom Dancer and a man named Massey, clustered around the coin changer and the officer heard a sound similar to that made by coins dropping into the outlet receptacle of the machine. A woman, subsequently identified as Kathy Burkett (Cromwell) was seated in a vehicle parked about one-half block away.

On September 28th, at about 2:50 a.m., Officer Serrano went to a residence where he had been informed that Dancer could be found.[4] He knocked on the door and defendant answered. The officer asked for Dancer, defendant told the officer that

---

[1] The information also contained a count charging burglary; that count was dismissed pursuant to a motion made under Penal Code, section 995.

[2] An order denying a new trial is not appealable. (Pen. Code, § 1237.)

[3] The machine was so constructed that, when a dollar bill was inserted into a drawer therein the machine returned four quarters in change. It was the theory of the prosecution, not challenged by the defense, that the electronics of the machine could be, and were, actuated by a photocopy of the face of a dollar bill with the same result as though a genuine dollar bill had been used.

[4] No issue of probable cause or of illegal search and seizure is raised.

Dancer was not present. At the officer's request, defendant admitted him to the house, where he found the female above referred to. She gave the name of Kathy Burkett, although it was later discovered that her true name was Catherine Ilene Cromwell. The officer searched the house, finding in a nightstand other photocopies of dollar bills. Some of these were duplicates of the photocopies found in the laundry coin machine. The officer also found some real dollar bills, two of which had the same serial numbers as appeared on the photocopies found in the machine. The bedroom in which some of the evidence was found contained both male and female clothing. Defendant was then arrested.

On appeal, defendant contends: (1) insufficiency of the evidence; (2) that defendant, if guilty at all, was guilty of the misdemeanor proscribed by section 648 of the Penal Code and not of the felony proscribed by section 470. We conclude that the evidence was sufficient to sustain a finding of guilt of a violation of section 470.

I

In arguing the issue of the sufficiency of the evidence, defendant points out that the evidence shows only that defendant was present in the laundry at 1:45 a.m., when it is assumed someone was operating the coin changer with a photocopy bill and that there is no evidence that defendant was other than a visitor at the residence where the incriminating photocopies and bills were discovered. We conclude that, although not as positive as might be desired, the circumstances were such as to entitle the trial court to draw a conclusion that defendant was a party to the fraudulent operation. It is clear, from what the officer heard, that someone was operating the changer at 1:45 a.m., on September 25th, and that defendant was present and aware of that fact. Since other photocopies of the same bills were found in a residence where defendant was found, it was a legitimate inference that the operation observed by the officer was by use of the photocopy bills. While there is no express evidence that defendant was an occupant of the residence, he was found there, alone with a woman using his name, at 2:50 a.m., and the bedroom contained both male and female clothing. He exercised sufficient control over the premises to consent to an officer's entry and search. We think the trial court could conclude that he was in sufficient possession of the residence and of the bedroom to justify an inference that he knew of the presence of the incriminating bills and the copies.

## II

 The defense argues that, assuming that the conduct herein involved was a violation of section 470 (a matter which we discuss at a later point in this opinion), it was also a violation of the California statute proscribing counterfeiting —section 648 of the Penal Code. The defense then relies on the doctrine that, where the particular conduct involved in a case falls within the proscription of a general felony statute and also of a more specific misdemeanor, the prosecution must be for the misdemeanor and not for the felony.[5]

We reject that contention. Section 648 reads as follows:

"Issuing or circulating paper money. Every person who makes, issues, or puts in circulation any bill, check, ticket, certificate, promissory note, or the paper of any bank, to circulate as money, except as authorized by the laws of the United States, for the first offense, is guilty of a misdemeanor. and for each and every subsequent offense, is guilty of felony."

As the Attorney General points out, for there to be a violation of that section, the original passing must be with the intent that the counterfeited instrument shall thereafter "circulate" as money. But, clearly, no one contemplated that these photocopies, after the first "passing" to the machine and its owner, would thereafter circulate at all. The machine could be fooled by a photocopy of one side of a dollar bill; no one who saw that photocopy thereafter could be fooled at all. No violation of section 648 appears.

## III

 Alternatively, defendant argues that the conduct herein involved was not a violation of section 470 of the Penal Code. So far as is here pertinent, that section provides as follows: "Every person who, with intent to defraud, . . . makes, alters, forges, or counterfeits, any . . . bank bill or note, . . . ; or counterfeits or forges the seal or handwriting of another; or utters, publishes, passes, or attempts to pass, as true and genuine, any of the above-named false, altered, forged, or counterfeited matters, as above specified and described, knowing the same to be false, altered, forged, or

---

[5]Defense counsel cites: *People* v. *Ali* (1967) 66 Cal.2d 277 [57 Cal. Rptr. 348, 424 P.2d 932]; *People* v. *Smith* (1967) 248 Cal.App.2d 134 [56 Cal.Rptr. 258]; *In re Ward* (1964) 227 Cal.App.2d 369 [38 Cal.Rptr. 650]; *People* v. *Fiene* (1964) 226 Cal.App.2d 305 [37 Cal.Rptr. 925]; *People* v. *Swann* (1963) 213 Cal.App.2d 447 [28 Cal.Rptr. 830].

counterfeited, with intent to . . . defraud any person; . . . is guilty of forgery.''

Defendant argues that the bills herein involved were not ''bank bills or notes,'' within the meaning of section 470 of the Penal Code. The arguments presented to us in that connection are interesting.[6] But we need not determine the issue thus posed. Even if the Federal Reserve Notes should be held not to be ''bank notes or bills,'' a reversal would not thereby be compelled. The long enumeration of specific kinds of instruments in section 470 is not exclusive, since the statute contains the ''catch-all'' clause (above quoted) referring to the forgery or counterfeiting of ''the seal or handwriting of another'' (1 Witkin, Cal. Crimes (1963) § 494, p. 451, and cases there cited). The information under which defendant was tried charged him with the forgery of a ''United States Federal Reserve Note,'' and the evidence showed that it was that kind of instrument which was involved. The currency in evidence, from which the photocopies in evidence were made, shows on its face a facsimile of the seal of a Federal Reserve Bank, and the facsimile signatures of the Treasurer of the United States and of the Secretary of the Treasury. It follows that the photocopies were forgeries of both the ''seal'' and the ''handwriting'' of someone other than defendant and his associates. That is all that is required to constitute the crime charged.

The judgment is affirmed; the appeal from the order denying a new trial is dismissed.

Files, P. J., and Jefferson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 21, 1969.

---

[6]Compare *People* v. *Bedilion* (1962) 206 Cal.App.2d 262, 269 [24 Cal. Rptr. 19].