[Crim. No. 23209. Second Dist., Div. Five. May 9, 1974.]

THE PEOPLE, Plaintiff and Appellant, v.
ALBERT EDWARD BARROWCLOUGH, Defendant and Respondent.

## COUNSEL

Joseph P. Busch, District Attorney, Harry B. Sondheim, Robert J. Lord and Herman Herzbrun, Deputy District Attorneys, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## OPINION

**ASHBY, J.**—Defendant Albert E. Barrowclough, also known as Tracy Rollin Ammerman, was charged by information with perjury in violation of Penal Code section 118[1] as follows: "That on or about the 1st day of June, 1971, at the Department of Motor Vehicles Office in Van Nuys, California, in the County of Los Angeles, he was making application for a driver's license and was called upon to provide to the Department of Motor Vehicles certain information under oath upon which the license was to have been issued. That pursuant to Vehicle Code Section 12802 [2] this information provided by the applicant being material to the issuance of the driver's license was to be made under oath and that the defendant was sworn prior to providing that information under oath and that he did so swear and provide the information before the representative of the

---

[1] "Every person who, having taken an oath that he will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which such an oath may by law be administered, wilfully and contrary to such oath, states as true any material matter which he knows to be false, and every person who testifies, declares, deposes, or certifies under penalty of perjury in any of the cases in which such testimony, declarations, depositions, or certification is permitted by law under penalty of perjury and wilfully states as true any material matter which he knows to be false, is guilty of perjury."

[2] "Every application shall be signed and verified by the applicant before a person authorized to administer oaths and the applicant shall submit such evidence of age as the department may require, and, if the applicant is a minor, the application shall also be signed and verified as provided in Chapter 2 (commencing with Section 17700) of Division 9."

Department of Motor Vehicles who was empowered to administer such oath and take such information pursuant to Vehicle Code Section 18. [3]

"That the aforesaid information, concerning prior application for license or identification card under a former or different name within the past ten years, whether driving privilege or license had ever been cancelled, refused, suspended or revoked, and whether a valid identification card issued by the Department of Motor Vehicles was still held by applicant, was at that time known by the said TRACY ROLLIN AMMERMAN to be false and was in fact false."

The trial court sustained defendant's demurrer to the information and dismissed the action (Pen. Code, § 1008) on the ground that Vehicle Code section 20[4] "takes precedence over the general section with regard to this case."

Defendant relied upon the principle stated in *In re Williamson,* 43 Cal.2d 651, 654 [276 P.2d 593], that " '[i]t is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment. . . .' " Defendant also cited to the court *People* v. *Gilbert,* 1 Cal.3d 475 [82 Cal.Rptr. 724, 462 P.2d 580]; *People* v. *Swann,* 213 Cal.App.2d 447 [28 Cal.Rptr. 830]; and *People* v. *Smith,* 248 Cal. App.2d 134 [56 Cal.Rptr. 258].

Essentially defendant's position is that Vehicle Code section 20, violation of which is a misdemeanor (Veh. Code, § 40000.5[5]), is a special statute governing his alleged conduct, and that he may not be prosecuted under Penal Code section 118, which is a felony (Pen. Code, § 126). The trial court agreed, and the People have appealed from the judgment for defendant on demurrer. (Pen. Code, § 1238, subd. (a)(2).)

We have concluded that the trial court erred in sustaining the demurrer and dismissing the action. ■ Vehicle Code section 20 does not preclude the application of Penal Code section 118 to defendant's alleged conduct.

---

[3]"Officers and employees of the Department of Motor Vehicles and the Department of the California Highway Patrol are, for the purposes of this code, authorized to administer oaths and acknowledge signatures, for which no fee shall be charged."

[4]"It is unlawful to use a false or fictitious name, or to knowingly make any false statement or knowingly conceal any material fact in any document filed with the Department of Motor Vehicles or the Department of the California Highway Patrol."

[5]The effective date of Vehicle Code section 40000.5 was after the conduct in question here, but violation of Vehicle Code section 20 was also a misdemeanor under former Vehicle Code section 40000, subdivision (b).

Vehicle Code section 12800 provides that every application for a driver's license "shall contain the following information: [¶] (a) The applicant's true full name, age, sex, and residence address. . . . [¶] (d) Whether the applicant has ever previously been licensed as a driver and, if so, when and in what state or country and whether or not the license has been suspended or revoked and, if so, the date of and reason for the suspension or revocation. [¶] (e) Whether the applicant has ever previously been refused a driver's license in this state and, if so, the date of and the reason for the refusal. [¶] (f) Whether the applicant has previously operated a motor vehicle and, if so, for what length of time. . . . [¶] (j) Whether the applicant has ever previously been issued an identification card by the department. . . ."

Vehicle Code section 12802 provides that "[e]very application shall be signed *and verified by the applicant before a person authorized to administer oaths . . . .*" (Italics added.) Officers and employees of the Department of Motor Vehicles are authorized to administer oaths under Vehicle Code section 18. ■ Thus the Vehicle Code specifically requires applications for a driver's license to be verified. The purpose of requiring verification is to hold the applicant responsible for any false statements made in the application by subjecting him to prosecution for perjury. (See *Peters* v. *City & County of San Francisco,* 41 Cal.2d 419, 426 [260 P.2d 55]; *Sheeley* v. *City of Santa Clara,* 215 Cal.App.2d 83, 85 [30 Cal.Rptr. 121]. See also Code Civ. Proc., §§ 446,[6] 2015.5;[7] Pen. Code, § 119.[8])

---

[6]Code of Civil Procedure section 446, relating to verified pleadings, provides in part: "A person verifying a pleading need not swear to the truth or his belief in the truth of the matters stated therein but may, instead, assert the truth or his belief in the truth of such matters 'under penalty of perjury.' "

[7]"Whenever, under any law of this State or under any rule, regulation, order or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, declaration, verification, certificate, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may with like force and effect be supported, evidenced, established or proved by the unsworn statement, declaration, verification, or certificate, in writing of such person stating the date and place of execution within this State and which is subscribed by him and certified or declared by him to be true 'under penalty of perjury,' which certification or declaration may be in substantially the following form: [¶] I certify (or declare) under penalty of perjury that the foregoing is true and correct."

The same legislation which added the above quoted provision to Code of Civil Procedure section 446 and which added Code of Civil Procedure section 2015.5 also amended Penal Code section 118 to conform to these changes. (Stats. 1955, ch. 873, p. 1488, §§ 1, 2; Stats. 1957, ch. 1612, p. 2959, §§ 1, 2.)

[8]"The term 'oath,' as used in the last two sections, includes an affirmation and every other mode authorized by law of attesting the truth of that which is stated."

■ Vehicle Code section 20 does not conflict with Penal Code section 118. Vehicle Code section 20 merely renders it unlawful to use a false or fictitious name or to knowingly make a false statement or knowingly conceal any material fact *in any document filed with the Department of Motor Vehicles*. Numerous documents are filed with the Department of Motor Vehicles which are not required or authorized to be verified or made under oath. A false statement in any document filed with the Department of Motor Vehicles may violate Vehicle Code section 20, whereas only a false statement required or authorized to be made under oath (see *People* v. *Godines,* 17 Cal.App.2d 721, 724 [62 P.2d 787]) or "under penalty of perjury" may violate Penal Code section 118.

■ Therefore Penal Code section 118 does not " 'include the same matter as the special act, and thus conflict with it' " under *In re Williamson, supra,* 43 Cal.2d 651, 654. Violation of Penal Code section 118 requires an additional element not necessary to violation of Vehicle Code section 20 and therefore *Williamson* does not apply. ■ A special statute does not supplant a general statute unless all the requirements of the general statute are covered in the special statute. (*People* v. *Phillips,* 64 Cal.2d 574, 582 [51 Cal.Rptr. 225, 414 P.2d 353]; *People* v. *Lustman,* 13 Cal. App.3d 278, 286-287 [91 Cal.Rptr. 548], cert. den., 405 U.S. 932 [30 L.Ed.2d 807, 92 S.Ct. 989]; *People* v. *Cohen,* 12 Cal.App.3d 298, 320-321 [90 Cal.Rptr. 612]; *People* v. *Randono,* 32 Cal.App.3d 164, 178-179 [108 Cal.Rptr. 326]; *People* v. *Gingles,* 32 Cal.App.3d 1030, 1040 [108 Cal.Rptr. 744]; *accord, People* v. *Gilbert, supra,* 1 Cal.3d 475, 480-481.[9])

[9]The only case cited by defendant in which Penal Code section 118 was held to be supplanted by a more specific statute is *People* v. *Smith, supra,* 248 Cal.App.2d 134, dealing with a statement of facts relating to eligibility for aid to needy children. *Smith* is inapplicable here. The court's interpretation was based upon the fact that the statute in question, Welfare and Institutions Code section 11265 as it then read, omitted any specific provision for an oath and provided that " '[a]ny person signing such certificate who willfully states therein any material matter which he knows to be false is guilty of a misdemeanor.' " (248 Cal.App.2d at p. 136.) The court based its holding on legislative intent and stated: "If the Legislature intended Penal Code, section 118 to control, there would be an oath required and no need for any specific penalty provisions as provided by section 11265." (248 Cal.App.2d at p. 138.) (After *Smith* the Legislature changed section 11265 to require that the information necessary to complete such certificate be provided "under penalty of perjury.") (Stats. 1971, ch. 578, p. 1154, § 25.) Here, on the other hand, Vehicle Code section 12802 specifically requires driver's license applications to be verified, which clearly implies the application of Penal Code section 118. (See *People* v. *Grider,* 200 Cal. App.2d 41, 46 [19 Cal.Rptr. 41].)

We therefore conclude that on the facts alleged in the information Vehicle Code section 20 did not supplant Penal Code section 118 and that defendant was properly chargeable with perjury. The judgment is reversed and the cause remanded for further proceedings.

Kaus, P. J., and Hastings, J., concurred.