[Crim. No. 14392. First Dist., Div. Four. Mar. 29, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
SYLENA ISAAC, Defendant and Appellant.

COUNSEL

Roger F. White for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. DeHart and Alvin J. Knudson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CALDECOTT, P. J.**—Appellant was convicted, following a court trial, of violation of Welfare and Institutions Code section 11483 (obtaining by means of false statements aid for a child not entitled thereto in an amount greater than $200) and Penal Code section 118 (perjury). The appeal is from the judgment.

Appellant does not contest any factual matters herein. A brief summary of the facts is as follows:

On January 29, 1973, appellant applied for Aid to Families with Dependent Children (AFDC) and signed under penalty of perjury, a "Statement of Facts Supporting Eligibility for Assistance," Form No. WR-2.

. On February 15, 1973, appellant was employed on a full-time basis at the Fairchild Camera and Instrument Corporation, where she remained continuously employed until her voluntary termination on September 27, 1974. In March, April, May, June and July of 1973, appellant signed and submitted monthly income reports to the Welfare Department, denying employment and earnings.

On August 7, 1973, appellant signed another WR-2 form under penalty of perjury, stating therein that she was not employed, had no earnings, and had not been employed or had earnings for the previous three months. In September 1973, appellant requested that her AFDC payments be discontinued, and this termination was effectuated on September 30, 1973. During the period from March 1, 1973, to September 30, 1973, appellant received $715 in AFDC overpayments due to the false statements in her application and income report forms.

On August 28, 1974, the Welfare Department sent appellant a demand letter requesting repayment of the $715. On October 1, 1974, after terminating her employment at Fairchild Camera, appellant reapplied for AFDC. At that time, and in a second interview on October 7, 1974, appellant said she was aware of the overpayment and agreed to repay the amount due by an adjustment to her grant over a period of months.

In November and December of 1974, restitution was commenced through deductions from appellant's AFDC grant. Two hundred dollars were repaid. On January 20, 1975, appellant requested that her AFDC benefits be terminated, and they were discontinued effective January 31, 1975, thus also terminating the agreed method of restitution. On February 7, 1975, at the preliminary hearing, appellant offered to have her father make restitution at the rate of $100 per month in exchange for dismissal of the criminal action. The district attorney rejected this offer.

I

Appellant contends that it was error for the trial court to try her for violation of Welfare and Institutions Code section 11483 or Penal Code section 118, prior to completion of efforts to obtain restitution. Appellant relies upon Welfare and Institutions Code section 11483, which sets forth the penalties for fraudulent receipt of welfare benefits. The final paragraph of that section provides: "[A]ll actions necessary to secure restitution shall be brought against persons in violation of this section as provided in Sections 12250 and 12850." The concluding paragraphs of those latter two sections read as follows: "It is the intent of the Legislature that restitution shall be sought by request, civil action, or other suitable means prior to the bringing of a criminal action."[1]

Appellant is correct in her contention that sections 11483, 12250 and 12850 must be construed together. However, we reject her conclusions that section 11483 thereby bars criminal prosecution before restitution has been completed, or that if restitution is completed, criminal prosecution is absolutely barred.

The recent case of *Madrid* v. *Justice Court,* 52 Cal.App.3d 819, 823 [125 Cal.Rptr. 348], held that section 11483, as augmented by sections 12250 and 12850, is not a bar to criminal prosecution under section 11483, where defendant has promised to make, or even where defendant is making restitution. In the present case, the county sought restitution by a demand letter, and restitution was in fact being made through monthly deductions from the renewed aid grant until appellant voluntarily terminated her benefits. Restitution had thus been sought by suitable means prior to initiation of the criminal action.

II

Appellant contends that it was error for the trial court to convict her for violations of Penal Code section 118, rather than to require that she be tried for the lesser offense of violating Welfare and Institutions Code section 11482. Penal Code section 118 is the general perjury statute, making it a felony to state under oath or penalty of perjury as true matters known to the declarer to be false. (*People* v. *Smith,* 248

[1]Welfare and Institutions Code section 12250 was repealed in 1973. Section 12850 was repealed in 1973. However, the Legislature expressed no intent to make the two sections inoperative insofar as they affect section 11483, by incorporation by reference. (*Palermo* v. *Stockton Theatres, Inc.,* 32 Cal.2d 53, 58-59 [195 P.2d 1].)

Cal.App.2d 134, 136 [56 Cal.Rptr. 258].) The statutory provision which makes this section operative in the instant case is Welfare and Institutions Code section 11265, which requires that information on applications for renewed or increased aid be given under penalty of perjury. In contrast, Welfare and Institutions Code section 11482 makes it a misdemeanor to assert a false statement wilfully and knowingly for the purpose of obtaining or continuing to receive welfare benefits.

Appellant asserts the well-established rule that statutes *in pari materia* should be construed together so as to harmonize them (*Merrill* v. *Department of Motor Vehicles,* 71 Cal.2d 907, 918 [80 Cal.Rptr. 89, 458 P.2d 33]) in support of her contention that Welfare and Institutions Code sections 11265 and 11482 and Penal Code section 118 must be construed together. She contends that since any conduct in filling out applications for renewal or increased aid as required by section 11265 would fall under both Welfare and Institutions Code section 11482 and Penal Code section 118, the differing penalties imposed in the two sections create a conflict. Thus, appellant argues, section 11482 of the Welfare and Institutions Code constitutes a special statute supplanting in the instant case the more general section 118 of the Penal Code. In support of this contention, appellant relies upon *In re Williamson,* 43 Cal.2d 651 [276 P.2d 593], in which the California Supreme Court stated: " 'It is the general rule that where the general statute . . . would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment.' " (*Id.,* at p. 654.)

■ A special statute does not supplant a general statute unless all of the requirements of the general statute are covered in the special statute. (*People* v. *Gilbert,* 1 Cal.3d 475, 480-481 [82 Cal.Rptr. 724, 462 P.2d 580].) Thus, Welfare and Institutions Code section 11482 does not supplant Penal Code section 118 in the instant case. Penal Code section 118 requires that the false statement be made *under oath or penalty of perjury.* In contrast, Welfare and Institutions Code section 11482 applies to *any* false statement made to obtain or continue aid, regardless of whether they are required to be made under penalty of perjury. Violation of Penal Code section 118 therefore requires an additional element, and the rule articulated in *Williamson* is inapplicable.

A closely analogous result was reached in *People* v. *Barrowclough,* 39 Cal.App.3d 50 [113 Cal.Rptr. 852], which involved prosecution for perjury pursuant to Penal Code section 118, for false statements

allegedly made by defendant in documents submitted to the Department of Motor Vehicles (DMV). The trial court in that case dismissed the action on the ground that Vehicle Code section 20—making it a misdemeanor to assert a false statement in a document filed with the DMV—supplanted the Penal Code provision. The Court of Appeal reversed, holding that defendant's reliance on *Williamson* was misplaced. The court noted that a false statement in *any* document filed with the DMV may violate Vehicle Code section 20, whereas only a false statement required or authorized to be made *under oath or penalty of perjury* may violate Penal Code section 118.

In *People* v. *Smith, supra,* 248 Cal.App.2d 134, Penal Code section 118 was held to be supplanted by the more specific Welfare and Institutions Code section 11265. In *Smith,* the court quoted from section 11265, as follows: " 'Any person signing such certificate who willfully states therein any material matter which he knows to be false is guilty of a *misdemeanor.' " (Id.,* at p. 136; italics added.) This provision, which the court relied on, was deleted from the section by the 1971 amendment and a sentence was added at that time requiring that necessary information to complete the certificate shall be provided *under penalty of perjury.* Thus, due to this 1971 amendment, *People* v. *Smith* is not controlling in the present case.

Penal Code section 118, as made applicable to the instant case by Welfare and Institutions Code section 11265, does not include the same matter as section 11482 and thus does not conflict with it. (*In re Williamson, supra,* 43 Cal.2d 651.) Accordingly, Welfare and Institutions Code section 11482 does not supersede Penal Code section 118, and it was not error for the trial court to convict appellant for violating Penal Code section 118.

The judgment is affirmed.

Rattigan, J., and Christian, J., concurred.