[Crim. No. 9736. Third Dist. Nov. 29, 1978.]

THE PEOPLE, Plaintiff and Appellant, v.
SUE CAROL BATTEN, Defendant and Respondent.

COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Willard F. Jones and Charles P. Just, Deputy Attorneys General, for Plaintiff and Appellant.

Robert E. Roney for Defendant and Respondent.

OPINION

EVANS, J.—The People appeal from a judgment (order dismissing the information) entered after the trial court determined that they were required to seek restitution prior to proceeding with prosecution of the action.

An information was filed in the superior court on March 23, 1978, charging defendant with 19 counts of perjury (Pen. Code, § 118), alleging that under penalty of perjury, she knowingly signed a false statement.

█ The superior court erred in determining that an attempt at restitution was a prerequisite to prosecution of this action. *People* v. *McGee* (1977) 19 Cal.3d 948 [140 Cal.Rptr. 657, 568 P.2d 382], so held with reference to a criminal prosecution under Welfare and Institutions Code section 11483. But Penal Code section 118 is unrelated to section 11483, and conduct proscribed by it is not dependent upon a violation of

section 11483. (Cf. *People* v. *McGee, supra,* 19 Cal.3d at p. 966, fn. 8.)[1] Section 11483 involves *obtaining aid* by use (inter alia) of a false statement, while section 118 involves any false statement, but made *under oath or penalty of perjury. (People* v. *Isaac* (1976) 56 Cal.App.3d 679, 683-684 [128 Cal.Rptr. 872].)

The judgment is reversed and remanded with directions to the trial court to vacate the dismissal.

Paras, Acting P. J., concurred.

**REYNOSO, J.**—I dissent. Before defendant can be prosecuted for violation of Penal Code section 118 (perjury), the People are required to show an attempt to obtain restitution of the money obtained as aid for dependent children. That is the teaching of *People* v. *McGee* (1977) 19 Cal.3d 948 [140 Cal.Rptr. 657, 568 P.2d 382]. The trial court so ruled.

*McGee* did not deal with Penal Code section 118 (perjury); rather, it dealt with Welfare and Institutions Code section 11483 (fraud). The court analyzed the statutory procedures "intended to provide a measure of protection to individuals suspected of welfare fraud." (*McGee, supra,* at p. 965.) Can it be said that the procedure protects the individual with one hand (fraud) but takes it away with the other (perjury)? Like the trial court, I conclude that it cannot. The People may not do by indirection what they cannot do directly.

I would affirm the judgment.

---

[1]Our dissenting colleague incorrectly perceives the import and extent of the holding in *People* v. *McGee, supra,* 19 Cal.3d 948. He apparently extends the purview of that opinion to equate a false statement not made under oath (Welf. & Inst. Code, § 11483) with one made under oath or penalty of perjury (Pen. Code, § 118). Such a construction would pervert the intent of the penal law. The consequences of such a benevolent act of judicial extension of a supreme court decision (which was confined to proceedings under Welf. & Inst. Code, § 11483) would permit a perjurer to escape the penal consequences of the act of perjury merely because the perjured statement was made while applying for public aid. The dissent amounts to an ex gratia judicial act eliminating any prosecution pursuant to the perjury statute (Pen. Code, § 118) for a felonious act of perjury when made by a welfare applicant while permitting prosecution of all other perjuries under that penal statute, an obvious violation of the equal protection provisions of both the state and federal Constitutions.