[Civ. No. 53065. Second Dist., Div. Four. Feb. 7, 1979.]

JUDY KAY AUSTIN et al., Plaintiffs and Respondents, v.
THE MUNICIPAL COURT FOR THE WHITTIER JUDICIAL
DISTRICT OF LOS ANGELES COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

**COUNSEL**

John K. Van de Kamp, District Attorney, Donald J. Kaplan, Sterling S. Suga and Dirk L. Hudson, Deputy District Attorneys, for Real Party in Interest and Appellant.

Kenneth P. Scholtz for Plaintiffs and Respondents.

No appearance for Defendant-and Respondents.

**OPINION**

**FILES, P. J.**—This proceeding was commenced in the superior court by several employees of a beer bar, seeking a writ of prohibition restraining the Whittier Municipal Court from trying them on charges of indecent exposure. The female plaintiffs, who are employed as waitresses and as nude dancers, are charged with a violation of subdivision 1 of Penal Code

section 314, and the male plaintiff, who is the manager of the bar, is charged with a violation of subdivision 2.[1]

The return filed in the superior court by the People, as real parties in interest, included copies of reports made by police officers who had observed the performances of the female plaintiffs. At the trial in the superior court counsel stipulated that the case would be submitted upon the papers attached to the return. The superior court then made findings of fact to the effect that conduct observed by the officers was not a violation of section 314, because the dancers' conduct was motivated solely by prospective monetary reward and not for their own sexual arousal or gratification. The superior court then entered a judgment for the issuance of a peremptory writ of prohibition commanding the municipal court "to absolutely and permanently desist and refrain from any prosecution of the petitioners under Penal Code sections 314.1 and 314.2 [sic] . . . ."

The People appeal from that judgment.

What occurred in the superior court was a preliminary hearing of a misdemeanor case using police reports as evidence, and a decision by the superior court that the evidence would not support a conviction. The district attorney pointed out to the superior court the inappropriateness of trying misdemeanor cases by writ of prohibition, and renewed the point on this appeal.

Plaintiffs rely upon *Barrows* v. *Municipal Court* (1970) 1 Cal.3d 821 [83 Cal.Rptr. 819, 464 P.2d 483], as authority for the procedure they employ here. The *Barrows* proceeding was brought by a producer, director and actors who had been subjected to 40 separate criminal charges arising out of the performance of a play in a theatre. The Supreme Court held that neither Penal Code section 647, subdivision (a), nor section 311.6, as it then read, was applicable; and on this ground a writ of prohibition was ordered to restrain the prosecutions.

---

[1]Penal Code section 314: "Every person who willfully and lewdly, either: 1. Exposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby; or, 2. Procures, counsels, or assists any person so to expose himself or take part in any model artist exhibition, or to make any other exhibition of himself to public view, or the view of any number of persons, such as is offensive to decency, or is adapted to excite to vicious or lewd thoughts or acts, is guilty of a misdemeanor. Upon the second and each subsequent conviction under subdivision 1 of this section, or upon a first conviction under subdivision 1 of this section after a previous conviction under Section 288 of this code, every person so convicted is guilty of a felony, and is punishable by imprisonment in state prison."

The *Barrows* opinion does not discuss the procedure employed, but the obvious justification for interdicting criminal prosecution was that the challenged conduct was, unless criminal, protected by the First Amendment to the United States Constitution and article I, section 9 of the California Constitution. ■ Ever since *Zeitlin* v. *Arnebergh* (1963) 59 Cal.2d 901, 906 [31 Cal.Rptr. 800, 383 P.2d 152, 10 A.L.R.3d 707], California courts have recognized that where freedom of speech is at issue, the fear of prosecution may itself operate as censorship. Preventive relief in the form of a civil proceeding may be justified to remove the obstacle to freedom of expression. (See also *Burton* v. *Municipal Court* (1968) 68 Cal.2d 684, 687-688 [68 Cal.Rptr. 721, 441 P.2d 281].)

■ The conduct described in the police reports in this case is not arguably within the protection of the First Amendment. (See *Crownover* v. *Musick* (1973) 9 Cal.3d 405. In the superior court plaintiff's counsel took the position that neither the First Amendment nor the Twenty-first Amendment, relating to alcoholic beverage control, had any relevance to the case.

Plaintiffs also cite *Cleland* v. *Superior Court* (1942) 52 Cal.App.2d 530 [126 P.2d 622] and *Kelly* v. *Municipal Court* (1958) 160 Cal.App.2d 38 [324 P.2d 990] for the use of the writ of prohibition. Neither supports what was done here.

*Cleland* was a proceeding to prohibit a felony trial upon an indictment which failed to state a public offense. *Kelly* was a proceeding to prohibit trial on a misdemeanor complaint which charged no public offense. In the present case offenses have been charged. The question is whether the plaintiffs are guilty.

A vice of the procedure attempted in this case is that misdemeanor charges, which should be tried in the municipal court subject to a review by the appellate department of the superior court, are removed to the superior court for trial in a civil proceeding with appellate review by the Court of Appeal and by petition to the Supreme Court. Such a dislocation of the case load may be justified under extraordinary circumstances, as in *Barrow,* but is not an option routinely available to any alleged misdemeanant who would like to by-pass a trial in the municipal court. (See *Vinot Enterprises, Inc.* v. *City of Pasadena* (1972) 23 Cal.App.3d 246 [100 Cal.Rptr. 217]; *Scherr* v. *Municipal Court* (1971) 15 Cal.App.3d 930, 933 [93 Cal.Rptr. 556]; *Pitchess* v. *Superior Court* (1969)

2 Cal.App.3d 644, 648 [83 Cal.Rptr. 41]; *Manchel* v. *County of Los Angeles* (1966) 245 Cal.App.2d 501 [54 Cal.Rptr. 53].)

In *Vinot Enterprises, supra,* the operator of a "topless-bottomless" bar applied to the Court of Appeal for a writ of mandate to review the city's refusal to issue an entertainment permit, and a writ of prohibition against prosecution for violation of the licensing ordinance. In an opinion denying both applications the Court of Appeal said (at pp. 252-253): "We recognize also that in some situations of impairment of First Amendment rights the public interest in freedom of communication dictates that conventional judicial procedures be abandoned in favor of a quick decision. Such is not the case here. . . . Thus, we conclude that in the case at bench we must apply normal standards of appellate action rather than those used in situations involving serious potential impingement on First Amendment rights. Those standards require that Vinot's rights be determined in an appeal from the judgment of the superior court rather than in this special proceeding. (Cf. *Burton* v. *Municipal Court, supra,* 68 Cal.2d 684, 689-690, contrasting classification in economic vis-à-vis First Amendment rights.)"

The superior court abused its discretion in using the extraordinary writ of prohibition to interrupt a prosecution of these plaintiffs in the municipal court upon a complaint which alleges a series of public offenses.

The judgment is reversed.

Kingsley, J., and Jefferson (Bernard), J., concurred.

A petition for a rehearing was denied February 23, 1979, and the opinion was modified to read as printed above.