Opinion
 

 FEINBERG, J.
 

 Respondent Gordon Jensen was accused of perjury (Pen. Code, § 118) on applications for California identification cards. The information charged Jensen with applying for an identification card under the name of Charles Lee Canavesio and with subsequently applying for another identification card in his own name and of falsely certifying that he had never applied for a license or identification card in another name. In pretrial motions, Jensen moved to dismiss the charges against him. The trial court granted the motion on the ground that a warning contained on the identification card applications stated that any fraud on the application would be prosecuted under Vehicle Code section 20. The People appeal that dismissal.
 

 
 *453
 
 At the preliminary hearing, John McKee, a special investigator with the California Department of Motor Vehicles (DMV), introduced three DMV forms to the court: (1) an application for a California driver’s license signed by Gordon Jensen and dated September 18, 1975; (2) an application for a California identification card signed by Charles Lee Canavesio and dated November 8, 1976; and (3) an application for a California identification card signed by Gordon Jensen and dated August 16, 1977.
 

 The identification card application asks the applicant whether he has ever applied for a license or identification card in the past. The answer to that question on the Canavesio application was “no,” and on the Jensen application was “yes.” A second question asking whether a license or identification card had been applied for under a different name within the past 10 years was answered “no” on each application. Both applications included a printed notice that the information provided on the form would be checked and if any fraud was discovered, the person could be subject to prosecution under Vehicle Code section 20. The applicant signed the forms, certifying under penalty of perjury that all statements were true.
 

 Jensen was charged under Penal Code section 118, which provides: “Every person who, having taken an oath that he will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which such an oath may by law be administered, wilfully and contrary to such oath, states as true any material matter which he knows to be false, and every person who testifies, declares, deposes, or certifies under penalty of perjury in any of the cases in which such testimony, declarations, depositions, or certification is permitted by law under penalty of perjury and wilfully states as true any material matter which he knows to be false, is guilty of perjury.” The trial court judge concluded that Jensen could only be prosecuted under Vehicle Code section 20, in light of the express warning on the identification card application form. Vehicle Code section 20 makes it a misdemeanor to “use a false or fictitious name, or to knowingly make any false statement or knowingly conceal any material fact in any document filed with the Department of Motor Vehicles or the Department of the California Highway Patrol.”
 

 The People contend that the court erred in dismissing the information against respondent, arguing that neither Vehicle Code section 20 nor the warning on the application card preclude prosecuting respondent under
 
 *454
 
 Penal Code section 118. Respondent argues that Vehicle Code section 20 is a special statute applicable to documents filed with the DMV and thus precludes prosecution under the general perjury statute. He further argues that the trial court correctly determined that even if section 20 does not preclude prosecution under the general perjury statute, the express warning on the identification card application does.
 

 We first address the special statute question. The Court of Appeal in
 
 People
 
 v.
 
 Barrowclough
 
 (1974) 39 Cal.App.3d 50 [113 Cal.Rptr. 852], specifically held that Vehicle Code section 20 did not preclude prosecution under Penal Code section 118 for false statements on a
 
 driver’s license application.
 
 That case has since been cited without criticism by the California Supreme Court in
 
 People
 
 v.
 
 Raster
 
 (1976) 16 Cal.3d 690 [129 Cal.Rptr. 153, 548 P.2d 353, 80 A.L.R.3d 1269], for the general principle that a special statute will not preempt a general statute unless all the requirements of the general one are covered in the special. That is precisely the situation which exists in the instant case. As the court observed in
 
 Barrowclough,
 
 Penal Code section 118 requires a false certification or verification, while that element is not necessary to commit a violation of Vehicle Code section 20. Respondent’s assertion that
 
 Ruster
 
 impliedly undercut
 
 Barrowclough
 
 is frivolous.
 

 Legislative history suggests that the Legislature contemplated that providing false information on
 
 driver’s license applications
 
 could be prosecuted under the general perjury statute. The Vehicle Code initially provided that use of a false or fictitious name on any application for an operator’s license was a misdemeanor. (See, e.g., Stats. 1923, ch. 266, §51, p. 528.) In 1925, the Legislature enacted for the first time a requirement that driver’s license applications be verified by the applicant. (Stats. 1925, ch. 239, § 3, p. 395.) Cases have repeatedly held that the purpose of verification is to hold the claimant (or applicant) responsible for any false statements, thereby upholding prosecutions for perjury.
 
 (Peters
 
 v.
 
 City & County of San Francisco
 
 (1953) 41 Cal.2d 419, 426 [260 P.2d 55];
 
 People
 
 v.
 
 Barrowclough, supra,
 
 39 Cal.App.3d 50, 54;
 
 Sheeley
 
 v.
 
 City of Santa Clara
 
 (1963) 215 Cal.App.2d 83 [30 Cal.Rptr. 121].) The separate verification requirement for driver’s licenses permits a reasonable inference that the Legislature specifically intended the penalty for providing false information on drivers’ licenses to be different from that for providing false information on unverified documents.
 

 With regard to applications for California
 
 identification cards,
 
 as in the case at bench, however, a different situation exists. When an applicant for
 
 *455
 
 an identification card signs his application form, he is informed that the information he has provided will be checked, and if any fraud is discovered, he will be subject to prosecution under Vehicle Code section 20. He is not advised that the state may elect to prosecute him under Penal Code section 118 instead.
 

 The People argue that, since the applicant also certifies “under penalty of perjury” that the information is true, the applicant is actually informed of two possibilities: first, that section 20 may be violated merely by
 
 filling out
 
 the application falsely, while section 118 comes into play only when the application is
 
 signed.
 
 We admire the power of appellant’s logic; unfortunately, it has no relation to human experience.
 

 The application asks for basic information about the applicant—name, birthdate, etc.—and then asks two questions: whether the applicant has ever applied for a license or identification card in the past, and whether he had applied for either under a different name within the past 10 years. The applicant then signs the form. As respondent points out, the DMV would undoubtedly not accept an application without both the answers to the questions and the signature.
 

 Mr. Justice Holmes once observed that “[m]en must turn square corners when they deal with the Government.”
 
 (Rock Island etc. R.R.
 
 v.
 
 United States
 
 (1920) 254 U.S. 141, 143 [65 L.Ed. 188, 189, 41 S.Ct. 55].) A correlative proposition is that the government should turn square corners when it deals with men. By its express warning to the applicant that prosecution would be under Vehicle Code section 20, the state is precluded from then prosecuting him under a different and more severe criminal statute.
 

 We conclude that the trial court correctly dismissed the charges against respondent Jensen.
 

 The judgment is affirmed.
 

 White, P. J., and Scott, J., concurred.