*Supp. 9 Opinion
SAETA, J.
Defendant was charged in a two-count complaint, along with several coemployees, with violating Penal Code[1] sections 314, subdivision l[2] (count I) and 647, subdivision (b) (count II). After her two motions were denied, defendant entered into a plea bargain, one of the terms of which was that she could pursue by appeal the same attacks made in her two motions. She pleaded nolo contendere to count I, section 314, count II, section 647, subdivision (b) was dismissed on motion of the prosecutor. A summary probation order was imposed; such order has been stayed pending this appeal.
The voluminous arrest report prepared by sheriffs’ deputies reveals the facts of this case. Briefly summarized, defendant was a waitress and dancer in a beer bar. While she was clothed when serving beer, she was observed to undress and perform naked on a raised platform located along one wall of the barroom. She openly displayed her private parts to the nearby customers, paying most of her attention to those customers who placed money on the platform for defendant.
Section 314 provides that “[e]very person who willfully and lewdly, either: [¶] 1. Exposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby. . .[¶] .. .is guilty of a misdemeanor.”
Defendant’s first ground of appeal is that section 314 requires a sexual purpose including sexual arousal and that such arousal is of the defendant, not other persons. It was defendant’s contention in her pretrial motion that her purpose was to obtain money, not her own sexual arousal, and thus the potential jury should be so instructed in the words of CALJIC No. 16.220.[3] The court refused to give such an instruction. Defendant not only relied on CALJIC No. 16.220 but also on In re Smith (1972) 7 Cal.3d 362 [102 Cal.Rptr. 335, 497 P.2d 807], Smith *Supp. 10 was a nude sunbather on a deserted beach. The Supreme Court, in defining the element of lewdness in section 314, required the conduct to be sexually motivated. “Accordingly, a conviction of that offense [section 314] requires proof beyond a reasonable doubt that the actor not only meant to expose himself, but intended by his conduct to direct public attention to his genitals for purposes of sexual arousal, gratification, or affront.” (7 Cal.3d at p. 366.) The Smith opinion does not say whose sexual arousal or gratification is involved. On the page preceding this last quotation the court mentions the “‘sexual desires’ of the persons involved” (Id. at p. 365) without further explanation. Section 314 refers to “person” to indicate the perpetrator (“exposes his person”) and “persons” (“other persons to be offended”). Thus we feel that the statute need not be limited to arousal of the defendant alone but also reaches the specific intent to create sexual arousal in those persons observing the defendant. Accordingly, the trial court was correct in refusing to instruct in the terms of CALJIC No. 16.220.
Pryor v. Municipal Court (1979) 25 Cal.3d 238 [158 Cal.Rptr. 330, 599 P.2d 636] buttresses our view. In that case the Supreme Court makes a comprehensive review of lewd conduct under section 647, subdivision (a) and compares that section with sections 314 and 311.6. On pages 255-256 the court states:
“The final step is to define specifically the sexually motivated conduct proscribed by the section. (Cf. Miller v. California, supra, 413 U.S. 15, 24-26 [37 L.Ed.2d 419, 430-432].) We proceed by deriving the function of this section in the penal statutes pertaining to sexual conduct. Section 647, subdivision (a), unlike statutes which ban sexual assault or exploitation of minors, is limited to conduct in public view. The statute thus serves the primary purpose of protecting onlookers who might be offended by the proscribed conduct.
“Two other statutes partially serve that same purpose. Penal Code section 314, subdivision 1, prohibits indecent exposure ‘in any public place, or in any place where there are present other persons to be offended or annoyed thereby. .. .’ Section 311.6 prohibits ‘obscene live conduct to or before an assembly or audience.. .in any public place or in any place exposed to public view, or in any place open to the public or to a segment thereof. . ..’ Neither statute, however, is directed at sexual conduct, as distinguished from indecent exposure, when such conduct is not intended to arouse the prurient interest of an audience. Section 647, subdivision (a), we believe, serves the function of filling *Supp. 11 this gap in the penal law.” We read the above as indicating that section 314 is aimed at conduct intended to arouse an audience. People v. Swearington (1977) 71 Cal.App.3d 935 [140 Cal.Rptr. 5], cited by defendant, does not conflict with this analysis. Swearington was a man who posed nude in public where women could see him. The Court of Appeal quotes CALJIC instruction No. 16.220 with approval but does not discuss the sexual purpose of Swearington’s posing. To the extent that Swearington can be read as requiring proof of intent of the defendant to arouse himself, it appears to be in conflict with Pryor v. Municipal Court, supra.
Defendant says that the trial court avoided the standards relating to obscenity prosecutions (§ 311 et seq.) by not limiting the question of sexual arousal to the actor alone. However, defendant places her reliance on In re Giannini (1968) 69 Cal.2d 563 [72 Cal.Rptr. 655, 446 P.2d 535] and that case was overruled in Crownover v. Musick (1973) 9 Cal.3d 405, 431 [107 Cal.Rptr. 681, 509 P.2d 497]. Crownover held that application of the obscenity standards used in Giannini was not required where nude dancing in bars was involved. The ordinances involved in Crownover were similar to section 314. Defendant criticizes Crownover and says that it, in turn has been overruled in Doran v. Salem Inn, Inc. (1975) 422 U.S. 922 [45 L.Ed.2d 648, 95 S.Ct. 2561], Doran does not mention Crownover and is not a final holding on the merits. The United States Supreme Court only held that the trial court did not abuse its discretion in granting a preliminary injunction against the enforcement of local ordinances forbidding topless dancers in bars against the bars’ claims of threatened bankruptcy. However, we are bound by Crownover and Pryor v. Municipal Court which specifically refers to Crownover as being the applicable law. (25 Cal.3d at p. 246.)
We note also that defendant has previously taken a position contrary to her present claim of First Amendment rights. Defendant and other employees of the beer bar obtained a writ of prohibition from the superior court restraining this prosecution in 1977. On appeal, the Court of Appeal reversed the judgment granting the peremptory writ. (Austin v. Municipal Court (1979) 89 Cal.App.3d 269 [152 Cal.Rptr. 400].) The court wrote, in Austin, at page 272: “Plaintiffs in this case do not claim their conduct has any First Amendment protection, nor could they since Crownover v. Musick (1973) 9 Cal.3d 405 [107 Cal.Rptr. 681, 509 P.2d 497]. In the superior court plaintiffs counsel took the position that neither the First Amendment nor the Twenty-first Amendment, relating to alcoholic beverage control, had any relevance to the case.”
*Supp. 12 Defendant’s reliance on State v. Gates (1978) 118 Ariz. 357 [576 P.2d 1357] is not persuasive. Arizona Revised Statutes, section 13-531 is almost identical to section 314. The majority of the Arizona Supreme Court did not find Gates’ conduct within the First Amendment (that conduct was not described in the opinion). We are controlled by Crownover v. Musick and Pryor v. Municipal Court.
The thrust of defendant’s second pretrial motion was that section 311.6 is a specific law that precludes application of the more general law of section 314. Section 311.6 reads as follows: “Every person who knowingly engages or participates in, manages, produces, sponsors, presents or exhibits obscene live conduct to or before an assembly or audience consisting of at least one person or spectator in any public place or in any place exposed to public view, or in any place open to the public or to a segment thereof, whether or not an admission fee is charged, or whether or not attendance is conditioned upon the presentation of a membership card or other token, is guilty of a misdemeanor.” In re Williamson (1954) 43 Cal.2d 651 [276 P.2d 593] sets forth the applicable rule as follows: “‘It is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment. Where the special statute is later it will be regarded as an exception to or qualification of the prior general one; and where the general act is later the special statute will be considered as remaining an exception to its terms unless it is repealed in general words or by necessary implication.’ (People v. Breyer, 139 Cal.App. 547, 550 [34 P.2d 1065]; Riley v. Forbes, 193 Cal. 740, 745 [227 P.768].)” (43 Cal.2d at p. 654.) Williamson held that the general conspiracy statute (§ 182) gave way to the specific conspiracy statute relating to Business and Professions Code violations found in section 7030 of that code. In contrast, People v. Barrowclough (1974) 39 Cal.App.3d 50 [113 Cal.Rptr. 852] did not preclude a prosecution of perjury under section 118 even though Vehicle Code section 20 forbids false statements in various documents submitted to the Department of Motor Vehicles. The Court of Appeal noted that the “specific” statute (Veh. Code, § 20) covered unsworn documents and thus was broader than the “general” perjury statute (§ 118).
In applying these principles to the facts of our case, we are guided, once again, by Pryor v. Municipal Court, supra. As has been seen in the passage quoted above, the Supreme Court finds sections 647, subdi *Supp. 13 vision (a), 311.6 and 314 to be part of a legislative pattern, each section covering slightly different kinds of lewd (sexual) conduct. Section 311.6 prohibits “obscene live conduct” as that is defined in section 311, subdivision (g). As has been noted, obscenity standards, crucial to section 311.6 are not applicable to section 314 prosecutions. (Crownover v. Musick, supra.) Section 314 applies to one form of lewd conduct, exposing the private parts; section 311.6 applies to obscene live conduct, or simulated conduct which may or may not involve exposing the private parts. There is no locus involved in section 314 except that it must be in public or in any place where other persons may be offended. There is no element of offense to others in section 311.6 and the statute applies to conduct before an assembly or audience. These differences between the two statutes lead us to the holding that section 311.6 is not a “special” statute that precludes the application of section 314 to the facts of this case.
The judgment is affirmed.
Cole, P. J., and Dowds, J., concurred.
A petition for a rehearing was denied January 16, 1980.

All further references to section 314, subdivision 1 will be made by reference solely to section 314. Defendant, unlike one codefendant, was not charged with violating subdivision 2 of section 314.

CALJIC 16.220 reads as follows: “Every person who intentionally exposes his private parts, in any public place, or in any place where there are present other persons who may be offended or annoyed thereby, if such exposure is made with the specific intent to direct public attention to his genitals for the purpose of his sexual arousal or gratification or to affront others, is guilty of a misdemeanor.”