[No. F053454. Fifth Dist. Nov. 6, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
REBECCA ANN RAMIREZ, Defendant and Appellant.

**COUNSEL**

John Doyle, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Lloyd G. Carter, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**VARTABEDIAN, Acting P. J.**—Defendant Rebecca Ann Ramirez was convicted of receiving aid by misrepresentation (misrepresentation) (Welf. & Inst. Code, § 10980, subd. (c)(2))[1] and perjury (Pen. Code, § 118). Defendant appeals, claiming she could not be convicted of both misrepresentation and perjury arising from the same activities because the misrepresentation statute is a specific statute precluding prosecution under the general statute defining perjury. In addition, she argues the evidence was insufficient to prove that her misrepresentation arose in the context of "Aid to Families with Dependent Children" (AFDC) and thus this case is not subject to the general/specific exception as applied in *People v. Jenkins* (1980) 28 Cal.3d 494 [170 Cal.Rptr. 1, 620 P.2d 587] regarding AFDC benefits.[2] We disagree and affirm.

[1] Further statutory references are to the Welfare and Institutions Code except where otherwise stated.

[2] As will be discussed, AFDC no longer exists. At all times relevant herein and presently, such relief benefits are administered under the California Work Opportunity and Responsibility to Kids Act (CalWORKs) (§ 11200 et seq.). Unfortunately, the parties on appeal (consistent with erroneous references in the trial court) continue to inaccurately call the program AFDC.

## Factual and Procedural Background

Defendant and Robert are the parents of S., who was born in 1998. The parents initially lived together when S. was a baby, but eventually separated. Robert paid child support to defendant for S.

In August of 2004, defendant applied for food stamps and cash aid, claiming that S. lived in her home at least 50 percent of the time. Defendant would not qualify for cash aid if she did not have a child living with her at least 50 percent of the time. Robert's wages were attached to pay child support.

Robert sought to have his child support curtailed, claiming that S. lived with him at his mother's home 100 percent of the time. An investigation was commenced to determine if defendant lied on her applications, quarterly reports, and yearly eligibility renewal applications when she claimed that S. was living with her.

Defendant was charged in two counts: receiving aid by misrepresentation (§ 10980) from August 1, 2004, to March 31, 2006, and perjury (Pen. Code, § 118) by false application because she certified under penalty of perjury that she met the conditions of eligibility for aid when, in fact, S. did not reside with her.

At trial, Robert and other witnesses testified that S. lived with Robert and only occasionally visited with defendant. Defendant testified and presented evidence to support her position that S. lived with her a sufficient amount of time to satisfy the requirements for receiving cash aid and food stamps. We need not discuss this evidence in any detail because defendant does not challenge the jury's finding that S. did not live with defendant the requisite period of time to qualify for benefits.

Defendant was found guilty of both counts. She was granted formal probation and ordered to spend 180 days in jail for the perjury conviction. The court stayed imposition of any punishment for the misrepresentation conviction.

## Discussion

Defendant argues that she could not be convicted of both perjury and misrepresentation because the misrepresentation statute is a special statute that precludes prosecution under the general statute for perjury. " '[W]here [a] general statute standing alone would include the same matter as [a] special act, and thus conflict with it, the special act will be considered as an

exception to the general statute whether it was passed before or after such general enactment.' [Citations.]

" 'The doctrine that a specific statute precludes any prosecution under a general statute is a rule designed to ascertain and carry out legislative intent. The fact that the Legislature has enacted a specific statute covering much the same ground as a more general law is a powerful indication that the Legislature intended the specific provision alone to apply. Indeed, in most instances, an overlap of provisions is determinative of the issue of legislative intent and "requires us to give effect to the special provision alone in the face of the dual applicability of the general provision . . . and the special provision. . . ." [Citation.]' [Citation.]

"However, the rule precluding prosecution under a general statute 'is not one of constitutional or statutory mandate, but serves as an aid to judicial interpretation when two statutes conflict. [Citation.]' [Citation.]" (*People v. Cockburn* (2003) 109 Cal.App.4th 1151, 1158 [135 Cal.Rptr.2d 807].) "[W]hen the Legislature has enacted a specific statute addressing a specific matter, and has prescribed a sanction therefor, the People may not prosecute under a general statute that covers the same conduct, *but which prescribes a more severe penalty*, unless a legislative intent to permit such alternative prosecution clearly appears." (*Mitchell v. Superior Court* (1989) 49 Cal.3d 1230, 1250 [265 Cal.Rptr. 144, 783 P.2d 731].)

In the context of whether one may be prosecuted for both misrepresentation and perjury, the leading case is *People v. Jenkins, supra*, 28 Cal.3d 494. In *Jenkins*, the defendant was charged with AFDC fraud under section 11483 and was also charged with perjury under Penal Code section 118. She filed a motion to dismiss the perjury count on the ground that the fraud count was based on a specific statute that precluded prosecution under the more general perjury statute. The trial court granted her motion and the People appealed. (*Jenkins, supra*, at pp. 498–499.)

■ The Supreme Court found that although it appeared an individual could not violate section 11483 without also committing perjury, a close look at legislative intent demonstrated that dual prosecution was permissible. The Supreme Court found "overwhelming indications" of legislative intent that the prosecution could proceed under both statutes. (*People v. Jenkins, supra*, 28 Cal.3d at p. 506.)

The court noted that although section 11483 did not require that a person's statement to obtain AFDC benefits be made under penalty of perjury, section 11054, applicable to AFDC benefits, contained such a requirement and more. Section 11054 stated that anyone applying for AFDC benefits and signing an

eligibility statement " 'is subject to the penalty prescribed for perjury in the Penal Code.' " (*People v. Jenkins, supra*, 28 Cal.3d at p. 506.) Thus, a perjury prosecution was explicitly provided for by statute for one who applies for AFDC benefits under penalty of perjury. (*Ibid.*)

■ On the question of annual redeterminations of benefits and monthly eligibility reports, the *Jenkins* court found but a slight difference. In order to continue to receive AFDC benefits, families were required to submit annual update certifications of eligibility and the counties were permitted to require additional periodic updates throughout the year pursuant to section 11265. Each family member was obligated to provide such information under penalty of perjury. Even though these recertification and monthly reporting requirements did not contain the same language contained in section 11054 (making the penalties for perjury expressly applicable to the filed statements), the *Jenkins* court found that the legislative intent was that the perjury statute was also applicable to violations of recertification and reporting. (*People v. Jenkins, supra*, 28 Cal.3d at pp. 506, 507.)

"Prior to 1971, section 11265 did not contain the requirement that information relevant to a certificate of eligibility be provided under penalty of perjury. Instead, it provided that '[a]ny person signing such certificate who willfully states therein any material matter which he knows to be false is *guilty of a misdemeanor*.' . . . Relying in large part upon this language, the Court of Appeal held that section 11265 was a special statute pertaining to redetermination certificates and thus precluded prosecutions for perjury for any misstatements. (*People v. Smith* (1967) 248 Cal.App.2d 134 [56 Cal.Rptr. 258].)

"In 1971, the Legislature deleted the language relied upon in *Smith*. (Sen. Bill No. 796 (1971 Reg. Sess.); Stats. 1971, ch. 578, § 25, p. 1154, eff. Aug. 13, 1971.) In place of the misdemeanor provision, the Legislature inserted the present sentence, obligating a family to provide the necessary information 'under penalty of perjury.' " (*People v. Jenkins, supra*, 28 Cal.3d at p. 507.)

The court held that "[i]n light of this history, the conclusion appears unavoidable that the Legislature intended the perjury provisions of the Penal Code to be available as an alternative charge for misstatements made in connection with annual redeterminations and monthly eligibility reports." (*People v. Jenkins, supra*, 28 Cal.3d at p. 508.)

Defendant contends that the *Jenkins* exception does not apply to this case. Her primary argument is that simultaneous perjury and misrepresentation prosecutions are allowed under *Jenkins* only in cases involving AFDC and statutory changes do not provide otherwise. Her next argument is that neither

the charges nor the evidence demonstrates that misrepresentation was involved here, so the *Jenkins* exception is not applicable to this case.

Respondent argues that any change in the statutes does not affect the *Jenkins* exception and it has not been shown that the new statute (§ 10980) is a special statute, because there may be situations where it could be violated without necessarily committing perjury.

Section 10980 was added in 1984. Previously, welfare fraud was punishable under a variety of different statutes, including sections 11054, 11482, 11483, and 14014 and also under several sections of the Penal Code. Beginning in 1984, welfare fraud involving more than one welfare program could be prosecuted under the umbrella of section 10980. That is what occurred here. Defendant was prosecuted pursuant to section 10980 for failing to report that S. was not living with her; this failure allowed her to receive payments of cash aid she was not entitled to and food stamps in excess of what she was entitled to.

While having a different name than AFDC, the aid defendant received was cash aid and food stamps from CalWORKs. " 'In 1996, the federal government enacted what is known as the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (PRWORA), 42 United States Code (U.S.C.) section 602 et seq., which authorized funding to states for welfare-to-work programs. PRWORA replaced two federally funded welfare programs, Aid to Families with Dependent Children (AFDC), which provided monetary assistance to eligible families, and Job Opportunity and Basic Skills (JOBS), which provided employment assistance to adults in families that were receiving AFDC benefits. In California, the JOBS program was known as GAIN. [¶] In 1997, the California Legislature implemented PRWORA by amending [Welfare and Institutions Code] section 11200 et seq. and replacing California's AFDC and GAIN programs with the California Work Opportunity and Responsibility to Kids Act (CalWORKS). CalWORKS consists of two welfare services: (1) cash aid to parents and children and (2) the welfare-to-work program, which seeks to end families' dependence on welfare. [¶] The CalWORKS program took effect on January 1, 1998.' (*Giles v. Horn* (2002) 100 Cal.App.4th 206, 212–213 [123 Cal.Rptr.2d 735].)[3]

■ "The CalWORKs program is administered by the counties under the supervision of the State Department of Social Services (DSS). (§§ 10550, 10600.) Section 11050 provides that the state is responsible 'for maintaining

---

[3] Defendant specifically argues the *Jenkins* exception is inapplicable here because the 1984 legislation "omitted any reference to AFDC" and there was no evidentiary showing that defendant perjured herself to receive "AFDC aid." The mere fact that the CalWORKs program "replaced" AFDC defeats these arguments.

uniformity in the public social service programs . . . .' DSS adopted regulations and standards to implement the program. These appear in the manual of policies and procedures (MPP); they are not included in the California Code of Regulations. (§ 10554.) Section 40-101 of the MPP sets out the general policies and principles." (*Smith v. Board of Supervisors* (2002) 104 Cal.App.4th 1104, 1109 [128 Cal.Rptr.2d 700], fn. omitted.)

Section 11265, added in 1965, states that adult family members must provide "under penalty of perjury" information necessary to complete annual redetermination certificates. In 2002, section 11265.1 was added, changing reporting periods from monthly to quarterly. Subdivision (d) of section 11265.1 provides in pertinent part: "The quarterly report form shall be signed *under penalty of perjury*, and shall include only information necessary to determine CalWORKs and food stamp eligibility and calculate the CalWORKs grant amount and food stamp allotment, as specified by the department. . . ." (Italics added.)

The Legislature's requirement that statements by aid recipients be filed under penalty of perjury evinces that simultaneous prosecutions may be maintained for misrepresentation and perjury. Additionally, when the Legislature overhauled aid programs from AFDC to CalWORKs, it was well aware of the *Jenkins* opinion. The Legislature maintained the requirement that annual redetermination certificates must be filed under penalty of perjury (by not changing that section at all) and later added section 11265.1 (regarding quarterly reports) containing the requirement that the quarterly reports must be signed under penalty of perjury.

 The evidence demonstrated that defendant received cash aid (the term used for money given under the portion of the CalWORKs program that replaced AFDC) and food stamps based on her fraudulent declarations, signed under penalty of perjury, that S. was living with her. Based on the legislative intent as previously discussed, defendant was properly prosecuted for both perjury and misrepresentation arising out of the same acts. To protect her from dual punishment, the trial court appropriately stayed the punishment for her misrepresentation conviction.

Because we have reached the above conclusion, we need not determine if there are instances where violating section 10980 might not result in a violation of the perjury statute. The evidence in this case clearly does not present such a possibility, and neither defendant nor respondent provides us with specific arguments to make such a determination.

## Disposition

The judgment is affirmed.

Levy, J., and Kane, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 18, 2009, S169167. George, C. J., did not participate therein.