Filed 3/12/15  P. v. Byers CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B252924 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA401202) |
| v. | |
| TOWANA LATRICE BYERS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara R. Johnson, Judge.  Modified and, as modified, affirmed.

Christine C. Shaver, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

After a court trial, defendant and appellant Towana Latrice Byers was found guilty of obtaining aid by misrepresentation (Welf. & Inst. Code, § 10980, subd. (c)(2)) and of perjury (Pen. Code, § 118, subd. (a)). Byers contends that she could be prosecuted under either Welfare and Institutions Code section 10980 or under Penal Code section 118 but not both, and therefore her conviction for perjury should be reversed. Although we disagree with that contention, we find that sentence could be imposed only on one count. We therefore modify the judgment to stay the sentence on the perjury count and affirm the judgment as modified.

## BACKGROUND [1]

Based on evidence that Byers received public assistance benefits from Los Angeles County while residing in San Bernardino County, without informing the proper authorities, an information was filed on January 3, 2013 alleging: count 1, obtaining aid by misrepresentation (Welf. & Inst. Code, § 10980, subd. (c)(2)),[2] and counts 2 and 3, perjury (Pen. Code, § 118, subd. (a)).[3]

---

[1] We omit a detailed statement of facts, because it is unnecessary to a determination of the discrete issue on appeal.

[2] "Whenever any person has, willfully and knowingly, with the intent to deceive, by means of false statement or representation, or by failing to disclose a material fact, or by impersonation or other fraudulent device, obtained or retained aid under the provisions of this division for himself or herself or for a child not in fact entitled thereto, the person obtaining this aid shall be punished as follows[.]" (Welf. & Inst. Code, § 10980, subd. (c).)

[3] "Every person who, having taken an oath that he or she will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which the oath may by law of the State of California be administered, willfully and contrary to the oath, states as true any material matter which he or she knows to be false, and every person who testifies, declares, deposes, or certifies under penalty of perjury in any of the cases in which the testimony, declarations, depositions, or certification is permitted by law of the State of California under penalty of perjury and willfully states as true any material matter which he or she knows to be false, is guilty of perjury." (Pen. Code, § 118, subd. (a).)

2

After Byers waived a jury trial, the court found her guilty, on November 6, 2013, of counts 1 and 3, but acquitted her of count 2. The trial court, among other things, suspended imposition of sentence on counts 1 and 3 and placed Byers on four years' probation.

## DISCUSSION

Byers contends that she could be charged under *either* Welfare and Institutions Code section 10980, subdivision (c)(2), *or* under Penal Code section 118, subdivision (a), but not under both. We disagree.

Byers relies on *People v. Jenkins* (1980) 28 Cal.3d 494 (*Jenkins*). The defendant in *Jenkins* was charged with violating Welfare and Institutions Code section 11483[4] and perjury under Penal Code section 118. The trial court dismissed the perjury count, based on an implied finding that "since section 11483 is a 'special' statute dealing with AFDC fraud, the more 'general' perjury provisions of section 118 do not apply." (*Jenkins,* at p. 501; see generally *People v. Murphy* (2011) 52 Cal.4th 81, 86 ["if a general statute includes the same conduct as a special statute, the court infers that the Legislature intended that conduct to be prosecuted exclusively under the special statute"]; *In re Williamson* (1954) 43 Cal.2d 651.) Although *Jenkins* agreed that welfare fraud under the Welfare and Institutions Code could not be committed without also committing perjury, the court found that the Legislature intended the Penal Code perjury provisions to be available as an "alternative charge for misstatements made in connection" with welfare applications. (*Jenkins*, at p. 508.) *Jenkins* therefore reversed the trial court's order dismissing the perjury charge. (*Id.* at pp. 508-509.)

---

[4] Before section 10980 was added to the Welfare and Institutions Code in 1984, welfare fraud was punishable under section 11483, among other statutes. (*People v. Ramirez* (2008) 168 Cal.App.4th 65, 72.)

Byers interprets *Jenkins* to hold that a prosecutor must elect between the Welfare and Institutions Code and the perjury statute when charging her with welfare fraud. *People v. Ramirez, supra,* 168 Cal.App.4th 65, however, did not interpret *Jenkins* in this way. In *Ramirez,* as here, the defendant was charged with and convicted of receiving aid by misrepresentation (Welf. & Inst. Code, § 10980, subd. (c)(2)) and of perjury (Pen. Code, § 118). (*Ramirez,* at pp. 68-69.) The defendant argued that changes in the applicable Welfare and Institute Code statutes made *Jenkins* inapplicable. *Ramirez* found that those changes "maintained" requirements that certain documents be signed under penalty of perjury. "The Legislature's requirement that statements by aid recipients be filed under penalty of perjury evinces that simultaneous prosecutions may be maintained for misrepresentation and perjury." (*Id.* at p. 73.)

Byers acknowledges *Ramirez* but notes that it did not expressly consider the language *Jenkins* used to describe the perjury charge. Specifically, *Jenkins* referred to perjury as an "alternative charge" (*Jenkins, supra,* 28 Cal.3d at p. 508), and, in its conclusion, *Jenkins* said: "An individual cannot commit AFDC fraud without also violating the perjury provisions of the Penal Code. However, there is overwhelming evidence that by incorporating section 118 into the AFDC program via [Welfare and Institutions Code] sections 11054 and 11265, the Legislature intended to permit prosecutions for AFDC fraud to proceed *either* under section 11483 *or* [Penal Code] section 118." (*Jenkins,* at p. 509, italics added.)

The opinion as a whole and the holding show that the court was merely stating that a perjury charge is not foreclosed in a prosecution for welfare fraud. *Jenkins* said nothing about requiring an election between charges. In fact, the disposition in *Jenkins* does not support Byers's parsing of the court's statements to support such an election. *Jenkins* reversed the superior court's order dismissing the perjury charge. (*Jenkins, supra,* 28 Cal.3d at p. 509.) The court did not direct the prosecutor to elect between charging the defendant under the Welfare and Institutions Code or under the Penal Code. Had the court intended not to follow the general rule that a person may be convicted of more than one crime arising out of the same act or course of conduct, it would have said so in its

4

detailed discussion of welfare fraud and perjury.  (See generally Pen. Code, § 954;

*People v. Reed* (2006) 38 Cal.4th 1224, 1226.)

Although Byers could be prosecuted for aid by misrepresentation and for perjury, she could not be punished for both.  (*People v. Camillo* (1988) 198 Cal.App.3d 981, 995; Pen. Code, § 654.)  The sentence on count 3 therefore should have been stayed under Penal Code section 654.[5]

---

[5]     It appears that the trial court selected count 1 as the primary count.

## DISPOSITION

The judgment is modified to stay the sentence on count 3, under Penal Code section 654.  The judgment is affirmed as modified.  The clerk of the Superior Court is directed to prepare a modified abstract of judgment.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

KITCHING, Acting P. J.

LAVIN, J.[*]

---

[*] Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.